Matter of Barsanti v UBS Asset Mgt. (Ams.) Inc. (2021 NY Slip Op 00616)





Matter of Barsanti v UBS Asset Mgt. (Ams.) Inc.


2021 NY Slip Op 00616


Decided on February 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 04, 2021

Before: Kapnick, J.P., Mazzarelli, Moulton, Shulman, JJ. 


Index No. 651926/19 Appeal No. 13043N Case No. 2020-00291 

[*1]In the Matter of Peter F. Barsanti, Petitioner-Appellant,
v
UBS Asset Management (Americas) Inc., Respondent-Respondent.


Rich, Intelisano & Katz, LLP, New York (Jessica A. Murzyn of counsel), for appellant.
Riker Danzig Scherer Hyland & Perretti LLP, New York (Labinot A. Berlajolli of counsel), for respondent.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered December 24, 2019, which denied the petition to compel arbitration before the Financial Industry Regulatory Authority, Inc. (FINRA), unanimously affirmed, without costs.
The parties' arbitration agreement does not obligate respondent to submit to arbitration of its dispute with petitioner before FINRA (see Matter of Belzberg v Verus Invs. Holdings Inc., 21 NY3d 626, 630 [2013]). The agreement provides that arbitration of "Covered Claims," as therein defined, "shall be conducted either under the auspices and rules of [FINRA], where applicable, or JAMs." Thus, contrary to petitioner's contention, the agreement is not an automatic entitlement to FINRA arbitration; nor does it embody an agreement to FINRA arbitration on respondent's part. Indeed, FINRA, which is best situated to interpret its own rules, stated in an October 1, 2018 memorandum that this dispute did not automatically qualify for arbitration before it because respondent was not a FINRA-registered entity. FINRA advised that it might consider cases such as this one on a voluntary, case-by-case basis, but not before both parties had executed an agreement to submit to its jurisdiction. While petitioner characterizes an agreement to submit to FINRA's jurisdiction as a mere "ministerial" act, by requiring such an agreement, FINRA demonstrated that, under the present circumstances, its jurisdiction was not automatically triggered by the parties' dispute. While petitioner contends that respondent was required to execute an agreement to submit to FINRA's jurisdiction, he does not point to any provision in the agreement that supports his contention. In addition, while he questions the authority of the FINRA senior case specialist who sent the October 1, 2018 memorandum, he offers no reason that a memorandum written on FINRA letterhead by a senior case specialist should not be deemed a valid statement of FINRA's position in this case.
Petitioner's reliance on FINRA Rule 13200 is misplaced, as this dispute belongs in none of the categories of disputes addressed by that rule. Nor does petitioner's having maintained his securities licenses with respondent's FINRA-member affiliate avail him, given that his present claims are not asserted against the affiliate and do not concern his registration.
The cases that petitioner relies on are inapposite. In those cases, a non-FINRA member lender issuing a forgivable loan in connection with an employment agreement between a FINRA-registered employee and a FINRA-member employer was compelled to submit to FINRA arbitration despite not being a signatory to the employment agreement. Petitioner cites no cases where FINRA arbitration was imposed where only one of the parties to the employment agreement was a FINRA member.
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST [*2]DEPARTMENT.
ENTERED: February 4, 2021